IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| CONTINENTAL CASUALTY INSURANCE COMPANY, an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 07-913-KI |
| vs. | ) ) | OPINION AND ORDER |
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, and TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited partnership, and SAFEWAY SERVICES, INC., a Delaware Corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

David E. Prange
Aaron C. Denton
Prange Law Group, LLC
111 SW 5th Avenue, Suite 2120
Portland, Oregon  97204

Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Thomas W. Brown
Robert E. Sabido
Cosgrave Vergeer Kester LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205

    Attorneys for Defendant Zurich American Insurance Company

James P. Murphy
Lybeck Murphy, LLP
7525 SE 24th Street, Suite 500
Mercer Island, Washington 98040-2334

    Attorney for Defendant TCR Pacific Northwest Construction 2002
    Limited Partnership

John L. Langslet
Ismail M. Pekin
Martin Bischoff Templeton Langslet & Hoffman, LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204

    Attorneys for Defendant Safway Services, Inc.

KING, Judge:

On January 29, 2009, I filed an Opinion and Order concluding that Safway breached its contract to purchase insurance and must pay the defense costs incurred in the underlying action. I also dismissed all claims against Zurich and dismissed TCR's counterclaims against Continental for a declaratory judgment that Continental has a duty to defend and indemnify TCR and for breach of contract as an additional insured under the policy between Continental and PCI.

TCR now asks me to reconsider its counterclaims against Continental. After concluding that Safway breached its contract, I did not address whether there were additional enforceable legal obligations. Thus, I will reconsider the prior ruling.

Page 2 - OPINION AND ORDER

TCR contends that Safway's breach of its agreement to procure insurance for the benefit of TCR and PCI does not bear upon or extinguish Continental's duty to provide TCR a complete defense in the underlying action.  TCR is an additional insured under the Blanket Additional Insured Endorsement in the Continental Policy, based on the requirements in the PCI/TCR subcontract.  Moreover, the coverage is on a primary basis, also due to the subcontract requirements.  Continental paid only a portion of TCR's defense costs.  I now conclude that Continental had the obligation to pay all of TCR's defense costs and thus breached the insurance contract when it paid only half.  Further, TCR could be entitled to its attorney fees in this action under ORS 742.061, assuming that the timing provisions of the statute are met.  If TCR and Continental cannot resolve that issue, TCR may petition for attorney fees once Judgment is entered.  I will address any disputes concerning the attorney fee statute then.

Defendant TCR's Motion for Relief from the Court's January 29, 2009 Opinion and Order (#102) is granted as explained above.  I again ask the parties to attempt to propose a joint Judgment by March 4, 2009, or submit separate judgments along with arguments supporting their positions.

IT IS SO ORDERED.

Dated this _____23rd_____ day of February, 2009.

      /s/ Garr M. King
      Garr M. King
      United States District Judge