**DAVID E. PRANGE,** OSB No. 873281
DPrange@PrangeLawGroup.com
**AARON C. DENTON,** OSB No. 022890
ADenton@PrangeLawGroup.com
PRANGE LAW GROUP LLC
111 Southwest Fifth Avenue, Ste. 2120
Portland, Oregon  97204
Telephone:  (503) 595-8199
Facsimile:   (503) 595-8190

Attorneys for Continental Casualty
Insurance Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| CONTINENTAL CASUALTY INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited partnership, SAFWAY SERVICES, INC, a Delaware corporation.<br><br>　　　　　Defendants.<br>_____ | No. CV 07-00913 KI<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND PRE-JUDGMENT INTEREST** |

///

///

///

_____
PAGE 1 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

## I. INTRODUCTION

Plaintiff Continental Casualty Insurance Company ("Continental") respectfully submits this memorandum of law in support of its motion for attorneys' fees and pre-judgment interest.

Continental is entitled to recover all or part of its attorneys' fees from Safway for at least two reasons. First, PCI's subcontract with Safway (the "Subcontract") incorporated the terms of PCI's contract with TCR (the "Contract"), and the Contract contained an attorney fee provision. Therefore, Continental has a contractual right to recover attorneys' fees from Safway. Second, and in the alternative, the Court should award Continental the attorneys' fees it incurred defending TCR's claims in this action. These fees are a foreseeable consequence of Safway's breach of contract, and are recoverable pursuant to Oregon law, even in the absence of a contractual or statutory basis.

Continental is also entitled to pre-judgment interest pursuant to ORS 82.010(1)(a).

## II. ANALYSIS

**A. Continental Is Entitled To Fees Pursuant To Safway's Contract With PCI.**

**1. The Subcontract Incorporated The Contract's Terms.**

The Subcontract unambiguously required Safway to acknowledge the Contract and abide by its terms. Specifically, the Contract required Safway to acknowledge "that it has examined the terms and conditions of the contract between the Contractor and the Upper Tier Contractor (the "Upper Tier Contract.")" (See Exhibit 1 to Denton

_____

PAGE 2 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Declaration, filed herewith.)  The Subcontract defines "Contractor" to mean PCI.  *Id*. Although "Upper Tier Contractor" is undefined, it can only reasonably be interpreted to mean TCR, the contracting entity "upstream" from PCI.  Second, the Subcontract defined the term "Contract Documents" to include the "Upper Tier Contract."  *Id*.  Third, the Subcontract provided that both the Subcontract, along with the "Contract Documents," "constitute the entire agreement between the parties."  Accordingly, all terms of the Contract are a part of the Subcontract.

### 2.      The Contract Contained A Fee Provision.

The Contract[1], or the "Upper Tier Contract," contains the following attorneys' fee provision, set forth in pertinent part:

> ATTORNEYS' FEES.  In the event a suit, action, arbitration, or other proceeding…is instituted, or the services of an attorney are retained, to interpret or enforce any provision of this [Contract] or with respect to any dispute relating to the [Contract], the prevailing party shall be able to recover from the losing party its attorneys', paralegals', accountants', and other experts' fees and all other fees, costs, and expenses actually incurred and reasonably necessary in connection therewith."

### 3.      The Attorneys' Fees Provision Is Triggered Here.

The Subcontract, by virtue of its incorporation of the Contract, expressly provides for a fee award to the prevailing party in any suit brought to enforce the Subcontract. Without question, Continental brought the instant lawsuit to enforce Safway's contractual promise to obtain insurance covering PCI.  By virtue of the Court's judgment (Docket No. 123), Continental is the prevailing party in this action.  *CMS Sheep Co., Inc. v.*

---

[1] A copy of the Contract is attached as Exhibit 2 to the Denton Declaration, filed herewith.

PAGE 3 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

*Russell*, 179 Or. App. 172, 177, 39 P. 3d 262 (2002). Therefore, pursuant to the Subcontract and Contract, Continental is entitled to an award of its attorneys' fees, "and all other fees, costs, and expenses actually incurred" in connection with this lawsuit. As explained below, Continental's reasonable attorneys' fees in this case total as of the time of this writing, $163,770.

### 4. Continental Is Entitled To Enforce The Subcontract.

As the following explains, Continental is entitled to enforce the terms of the Subcontract and Contract, and to recover fees based on these contracts, either as PCI's subrogee or as a third-party beneficiary of Safway's contractual promise to obtain insurance covering PCI.

#### a. Continental Is PCI's Subrogee.

Pursuant to its insurance policy and Oregon law, Continental is subrogated to all of PCI's rights under the Subcontract. *National Fire Ins. Co. v. Mogan*, 186 Or. 285, 300, 206 P.2d 963 (1945) (right of subrogation confers on insurer all remedies against third-parties available to insured.) Accordingly, Continental is entitled to seek recoupment of its attorneys' fees to the same extent that PCI could seek its attorneys' fees. Obviously, had PCI brought this action to enforce the Subcontract, PCI could have recovered its attorneys' fees. Because Continental is PCI's subrogee to the extent of Continental's payment of defense costs, Continental is entitled to enforce the Subcontract's attorneys' fee provision.

///

///

_____

PAGE 4 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

### b. Continental Is A Third-Party Beneficiary Of The Subcontract.

In the alternative, Continental is entitled to enforce the attorneys' fee provision of the Subcontract as a third-party beneficiary of Safway's promise, in the Subcontract, to obtain insurance covering PCI. Under Oregon law, third-parties are entitled to enforce contractual promises if they are either "donee" or "creditor" beneficiaries of the contractual promise. *Sisters of St. Joseph of Peace v. Russell*, 318 Or. 370, 375, 867 P.2d 1377 (1994). In this case, Continental is a donee beneficiary of Safway's agreement to procure insurance covering PCI if PCI's intent in obtaining Safway's promise to procure insurance was to confer a right to performance of this promise on Continental. *Id*. Continental is a creditor beneficiary of Safway's promise to obtain insurance covering PCI if that was PCI's and Safway's intention at the time they entered into the Subcontract. *Id*.

Continental is a third-party beneficiary of the Subcontract under either analysis. Continental is a "donee" beneficiary because PCI's obvious intent in obtaining Safway's promise to obtain insurance covering PCI was to provide a benefit to Continental: reduced exposure to liability arising out of Safway's negligence. Similarly, Continental is a "creditor" beneficiary of the Subcontract because the parties clearly intended that result. It goes without saying that Safway's agreement to obtain insurance covering PCI benefits Continental because it frees Continental from having to defend and indemnify PCI from claims arising out of Safway's negligence. Furthermore, the premium PCI paid to Continental was determined, in part, based upon Continental's expectation that PCI

_____

PAGE 5 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

would require its subcontractors to limit PCI's exposure to claims arising from the subcontractors' negligence. Thus, PCI intended to confer the benefit of the additional insurance upon Continental, and Continental had an expectation to receive this benefit. *See, e.g. Sisters of St. Joseph of Peace v. Russell*, 318 Or. 370, 375, 867 P. 2d 1377 (1994). As such, Continental was and is a third-party beneficiary of Safway's promise to obtain insurance.

Continental could find no Oregon case on point. However, the Texas Supreme Court has recognized the third-party beneficiary rights of insurers of "upstream" contractors to enforce subcontractors' promises to obtain insurance. *James Stewart & Co. v. Law*, 149 Tex. 392, 399, 233 S.W. 2d 558 (1950) (project owner's insurer was third-party beneficiary of contractor's promise to require all subcontractors to obtain insurance). In accordance with established Oregon law, and this well reasoned precedent, Continental is entitled to enforce Safway's promise to obtain insurance.

### B. Continental Is Entitled To Recover It's Fees Incurred Litigating With TCR.

As Continental has previously noted, a party may recover attorneys' fees, even in the absence of a statutory or contractual basis, if the fees were triggered by a breach of contract and incurred in litigation with a third party. *Osborne v. Hay*, 284 Or. 133, 585 P. 2d 674 (1978); *Hoage v. Westlund*, 43 Or. App. 435, 439 – 442, 602 P. 2d 1147 (1979); *Raymond v. Feldmann*, 124 Or. App. 543, 546, 863 P. 2d 1269 (1993); *Acushnet Co. v. G.I. Joe's, Inc.*, 2006 WL 2729555 (D. Or. 2006) ("…attorney's fees incurred in defending claims brought by third parties are recoverable as consequential damages in

_____

PAGE 6 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

subsequent litigation."). This is true whether the attorneys' fees are incurred in an action separate from, or together with, the breach of contract action. *Hoage v. Westlund*, 43 Or. App. 440-41; *Acushnet*, at *7. This is also true whether the party seeking fees is the plaintiff or defendant in the third-party litigation. *Osborne v. Hay*, 284 Or. at 141; *Hoage v. Westlund*, 43 Or. App. 439.

Continental's fees incurred defending TCR's claims were triggered as a direct consequence of Safway's breach of contract. But for Safway's breach – *i.e.* but for Safway's wrongful refusal to provide PCI and TCR a defense – Continental would not have had to engage in litigation with TCR. The fact that Continental initiated this action is irrelevant, as the above-noted precedents clarify.[2] Accordingly, at a minimum, the Court should award Continental its fees incurred defending TCR's claim against Continental, which total $27,250 as explained in more detail below. As explained above, Continental is entitled to recover these fees as PCI's subrogee.

### C.   Continental's Reasonable Attorneys' Fees.

Continental's entitlement to fees depends upon the Court's analysis of the reasonable hours Continental's counsel expended in this matter multiplied by counsel's reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541 (1984); *Van Skike v. Director, Office Workers' Compensation Programs*, 557 F. 3d 1041, 1046 (2009).

---

[2] Indeed, there is little question that, had Continental not initiated this action, TCR would eventually have filed a coverage lawsuit against Continental. Continental did not need to wait to be sued in order to trigger a right to recover its "third-party litigation" fees.

PAGE 7 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Pursuant to Local Rule 54.3, Continental's counsel's reasonable hourly rate is determined first with reference to the Oregon State Bar Economic Survey (the "Survey"). The Survey does not contain specific data for insurance coverage litigation, nor is it clear which practice-specific area the Survey does analyze comprises insurance coverage litigation. However, according to the Survey, the average hourly rate for all Oregon practitioners ranged between $250 and $274. The average hourly rate for business litigators – the specific identified practice area most similar to insurance coverage litigation - ranged between $275 and $324. Based on this data, Continental submits that $300 is the minimum reasonable hourly rate for the services of its partner-level counsel, and that $250 is the minimum reasonable hourly rate for its associate-level counsel.

As evidenced by the attached declaration, Continental's counsel reasonably expended a total of 98.4 hours of partner time and 537 hours of associate time litigating this complex insurance coverage case. Accordingly, Continental requests $163,770 for its contractual attorney fee claim. Continental's counsel reasonably expended a total of 10.5 hours of partner time and 96.4 hours of associate time litigating solely with TCR. The value of this work, based on the reasonable hourly rate discussed above, is $27,250.

    **D.**    **Continental Is Entitled To Pre-Judgment Interest.**

Continental is entitled to pre-judgment interest on its payments of defense costs from the date those payments were made. ORS 82.010(1)(a); *Interstate Fire & Cas. Co. v. Archdiocese of Portland in Oregon*, 899 F. Supp. 498, 503 (D. Or. 1995); *School Dist. No. 1, Multnomah County v. Mission Ins. Co.*, 58 Or. App. 692, 714, 650 P. 2d 929 (1982). Continental is entitled to pre-judgment interest of $55,312.69 on its prior

_____

PAGE 8 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND
PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

payment of PCI's defense costs, and $28,155.92 on its prior payment of TCR's defense costs.

### III.  CONCLUSION

The Court should award Continental its attorneys' fees in the amount of $163,770. In the alternative, the Court should award Continental $27,250 for its fees defending TCR's claims for coverage.  In any event, the Court should award Continental pre-judgment interest of $83,468.61.

DATED:  May 4, 2009

PRANGE LAW GROUP LLC.

 /s/ Aaron C. Denton
David E. Prange, OSB #87328
Aaron C. Denton, OSB #022890
111 SW 5th Avenue, Ste. 2120
Portland, Oregon  97204
Telephone:  (503) 595-8199
Facsimile:   (503) 595-8190
Attorneys for Continental Casualty Insurance Company

_____
PAGE 9 of 9
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CONTINENTAL'S FRCP 54 MOTION FOR ATTORNEYS' FEES AND PRE-JUDGMENT INTEREST

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199